UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                           Chapter 11

MRH OF LAKELAND, INC.,                            Case No. 8:09-bk-8090-KRM
T. THOMAS CHEVROLET, INC.,                        Case No. 8:09-bk-8092-KRM

      Debtors.                                 *Jointly Administered Under*
_____/               *Case No. 8:09-bk-8090-KRM*

**DEBTORS' MOTION TO REQUIRE FURNISHERS OF INFORMATION
TO CORRECT INFORMATION FURNISHED TO CREDIT REPORTING
AGENCIES IN CONNECTION WITH THIRD PARTY LIENED INVENTORY**

T. THOMAS CHEVROLET, INC. ("**T. Thomas**") and MRH OF LAKELAND,

INC. ("**MRH**"), as debtors and debtors in possession (collectively, the **"Sellers"** or the

**"Debtors"**), by and through their undersigned counsel, hereby request the entry of an

order requiring certain creditors to remove or correct any negative reporting to consumer

reporting agencies in connection with unpaid vehicle trade-ins.  As background and in

support for their request, the Debtors state the following:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction to consider this motion pursuant to 28 U.S.C.

§§157 and 1334.  The subject matter of this motion is a core proceeding pursuant to

28 U.S.C. §157(b).  Venue is proper in this district pursuant to 28 U.S.C. §1408.

2.      The statutory predicates for the relief requested by this motion are

11 U.S.C. §§ 105, 362, and 1142.

3.        On April 24, 2009 (the "**Petition Date**"), the Debtors filed Voluntary Petitions for Relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

4.        Each of the Debtors continues to manage their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5.        No trustee or examiner has been appointed in these cases and no official committees have yet been appointed pursuant to §1102 of the Bankruptcy Code.

6.        T. Thomas operated the Michael Holley Chevrolet dealership (the "**Chevrolet Dealership**") at 925 U.S. Hwy 98 S., Lakeland, Florida.  MRH operated the Michael Holley Kia dealership, which is located at 1025 U.S. Hwy 98 S., Lakeland, Florida (the "**Kia Dealership**" and together with the Chevrolet Dealership, the "**Dealerships**").  As a result of economic conditions, the performance of the Dealerships began to suffer.  The Debtors filed these cases to accomplish an orderly liquidation of their businesses that would maximize the recovery to all of the creditors.

7.        On May 1, 2009, the Debtors filed a Motion For Order (A) Authorizing Sale Of Substantially All Of Their Assets Free And Clear Of Liens, Claims And Encumbrances, (B) Authorizing The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases And Approving Procedures; (C) Approving Bidding And Sale Procedures; (D) Approving Amount Of Minimum Overbid; (E) Approving Break-Up Fee; and (F) Approving Form And Manner Of Notice (Docket No. 21) (the "**Sale Motion**").  The Debtors' efforts contributed to a successful auction process

resulting in approximately $2 million in an overbid amount, and a procedure for satisfaction of third party liens related to unpaid trade-in vehicles. On June 26, 2009, the Court entered its Order (a) Authorizing Debtors to Sell Substantially All Assets Free and Clear of Liens, Claims, and Encumbrances; (b) and Granting Related Relief (Docket No. 114) (the "**Sale Order**").

8. The Sale Order provides, inter alia, that the Court jurisdiction "to enter provide any appropriate relief in connection with the full performance under the Final Purchase Agreement, including but not limited to the obligations with respect to Third Party Liens." Sale Order, ¶35.

9. On July 24, 2009, the Debtors filed their Joint Plan of Reorganization Under Chapter 11 of the United States Bankruptcy Code (the "**Plan**"). A hearing to consider confirmation of the Plan is currently set for September 3, 2009.

<u>**Third Party Liened Inventory**</u>

10. On the Petition Date, the Debtors had in their possession three types of vehicles: (1) new and unused Chevrolet and Kia vehicles; (2) used vehicles owned by the Debtors ("**Used Vehicles**"); and (3) used vehicles the Debtors had in their possession or control which are presently subject to third party liens from persons other than GMAC in its capacity as the Debtors' floorplan lender (the "**Third Party Liened Vehicle Inventory**").

11. Prior to the Petition Date, some customers who may have purchased a vehicle from one of the Debtors, and as part of the transaction traded in a vehicle (a "**Trade-In**") on the date that the customer traded in a vehicle to one of the Debtors

("**Trade-In Date**"), which may have been encumbered by a lien of the customer's retail finance company (the "**Third Party Lienor**"). The Third Party Liened Vehicle Inventory was generally exchanged with the agreement that the Debtors would pay off the lien on the Third Party Liened Vehicle Inventory as part of the sale transaction, and some of the third party liens have not been paid off.

12. On May 5, 2009, the Debtors filed their Emergency Motion for Order Authorizing Procedures to Resolve Certain Customer Issues [Doc. No. 28], seeking approval of procedures designed to resolve outstanding issues relating to the Third Party Liened Vehicle Inventory. On May 15, 2009, the Court entered its Order Granting Debtors' Emergency Motion for Order Authorizing Procedures to Resolve Certain Customer Issues, authorizing the Third Party Vehicle Inventory to be sold subject to GMAC's consent, with the proceeds to be paid directly to the Third Party Lienor.

13. In connection with the Sale Order and the Purchase Agreement, and as provided in the Plan, it is anticipated that the Third Party Lienors will receive payment from the Purchaser in connection with the Closing.

### RELIEF REQUESTED AND GROUNDS FOR RELIEF

14. Upon information and belief, certain of the Third Party Lienors may have already reported or may in the future report to various credit bureaus negative credit history of certain of the retail customers (the "**Retail Customers**") in connection with the Third Party Liened Inventory, such as late payments or delinquent account status.

15. In the case of the Retail Customers, such negative history would be primarily due to the effect of the automatic stay in connection with the Debtors' cases.

As stated above, the Debtors anticipate that any obligations associated with the Third Party Lienors will be satisfied at the Closing.

16.     Parties furnishing information to consumer reporting agencies are under a duty to furnish correct information furnished to consumer reporting agencies and to correct any information incorrectly reported. 15 U.S.C. §1681s-2(a).  Upon notification of a dispute of information reported, parties furnishing information to consumer reporting agencies are obligated to conduct an investigation and review of all relevant information, and report the results to the consumer reporting agency.  15 U.S.C. §1681s-2(b).

17.     The Debtors request the entry of an order directing the Third Party Lienors, upon receipt of payment in full, to notify any credit bureau or consumer reporting agency to remove or correct any negative or derogatory reporting related to the Retail Customers in connection with a Trade-In, retroactive to the Trade-In Date, and to take all necessary steps to ensure that such credit bureaus or consumer reporting agencies remove or correct such information, retroactive to the respective Trade-In Date.

18.     The relief requested herein is necessary to undo any harm to a Retail Customer's credit, credit report, credit score, or similar reports, related to a failure to immediately pay and satisfy the claims associated with the Trade-In.  Such relief is necessary to fully enforce the Customer Procedures Order, Sale Order, and the Plan.

19.     The Debtors do not seek any sanctions, monetary or otherwise, from either the Third Party Lienors or the consumer credit agencies as to any information reported, or damages related to any such information reported.

WHEREFORE, the Debtor respectfully requests that the Court (A) grant this Motion; (B) enter an order directing the Third Party Lienors to remove or correct any credit reporting in connection with the Third Party Liened Inventory; and (D) grant such other relief as is just and proper.

Dated: August 27, 2009.

 /s/ Daniel R. Fogarty
Edward J. Peterson
Florida Bar No. 0014612
Daniel R. Fogarty
Florida Bar No. 0017532
Stichter Riedel Blain & Prosser, P.A.
110 East Madison Street, Suite 200
Tampa, Florida  33602
(813) 229-0144 – Phone
(813) 229-1811 – Fax
epeterson@srbp.com
dfogarty@srbp.com
Attorneys for Debtor

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a true and correct copy of the foregoing **DEBTORS'**
**MOTION TO REQUIRE FURNISHERS OF INFORMATION TO CORRECT**
**INFORMATION FURNISHED TO CREDIT REPORTING AGENCIES IN**
**CONNECTION WITH THIRD PARTY LIENED INVENTORY** was furnished on
August 27, 2009, by the Court's CM/ECF electronic mail system or by U.S. Mail to:

Office of the U.S. Trustee

L.B.R. 1007-2 Parties in Interest

Third Party Lienors, as listed on Exhibit "A"


    /s/ Daniel R. Fogarty
Daniel R. Fogarty